286 F.2d 236
 Woodrow W. HOOD, Peggy Ann Hood, Lever Ray, Irma Ray, and
Henry Lowrey, Appellants,
v.
BOARD OF TRUSTEES OF SUMTER COUNTY SCHOOL DISTRICT NO. 2,
SUMTER COUNTY, SOUTH CAROLINA, J. E. Mayes, Jr., Chairman of
said Board, H. E. Kirven, C. W. Goodman, W. T. Brogdon, J.
Elbert Davis, Jr., Members of said Board, Appellees.
 No. 8221.
 United States Court of Appeals Fourth Circuit.
 Argued Jan. 16, 1961.
Decided Jan. 25, 1961.
 
 Ira Kaye, Sumter, S.C. (Rowland Watts, New York City, on the brief), for appellants.
 John S. Wilson, Sumter, S.S. (Shepard K. Nash, Sumter, S.C., on the brief), for appellees.
 Before SOGELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit judges.
 PER CURIAM.
 
 
 1
 This action was commenced on August 31, 1953, by a group of elementary school pupils residing in Sumter County, South Carolina, calling themselves 'Turks' and members of the Caucasian race, in which they complained that they were required to attend a segregated primary school attended only by Turks.[1]
 
 
 2
 After denial of the motion for summary judgment, an appeal was taken to this Court. This Court held that the denial of the motion for summary judgment was not appealable as such, and, if the motion were treated as one for an injunction, it was not shown it was improperly denied because the administrative remedies had not been exhausted.[2]
 
 
 3
 Thereafter the case lay dormant for more than four years, during which time the plaintiffs twice changed counsel, but because of asserted difficulties in procuring counsel willing to prosecute their cases, made no move to pursue their administrative remedies or have other proceedings in the District Court until May 1960 when present counsel for the plaintiffs came into the case. Before he did anything other than to have himself substituted as attorney of record in the case, however, the School Board filed a motion to dismiss for lack of jurisdiction. this motion came on to be heard, at which time the Court also had before it an amended complaint which the plaintiffs had attached to a motion for leave to amend, filed on the day of the hearing. The District Court, finding no merit in the motion to dismiss for lack of jurisdiction, construed paragraph 12 of the proposed amended complaint as showing that administrative remedies had not been exhausted during the four years intervening between the earlier decision of this Court, and it dismissed the complaint on that ground.
 
 
 4
 Though apparently the District Court was not so informed, the parties in this Court are agreed that the first step in the administrative procedure had been taken by the plaintiffs, or certain of them, in May 1960, shortly prior to the time that their present attorney was substituted as attorney of record, and upon his advice. In July, at the time of the hearing of the defendants' motion to dismiss, these administrative procedures were actually being pursued, and the attorney for the plaintiffs represents to us that the administrative remedies were thereafter exhausted.
 
 
 5
 In light of what now appears to be the fact that the present attorney for the plaintiffs was acting with dispatch and diligence, and that the administrative procedures had been invoked and were being actively pursued at the time the motion to dismiss was heard we think the Court should have retained jurisdiction of the case for such further proceedings and the entry of such further orders as might be appropriate when the administrative procedures had been concluded. Presumptively, the District Court would have done that had it been informed of the facts. We, accordingly, will vacate the judgment and remand the case to the District Court for such further proceedings as may be appropriate in the light of the plaintiffs' pursuit of administrative remedies in process at the time of the dismissal of the complaint, remedies which, we are told, were subsequently exhausted.
 
 
 6
 Since this case has been pending for so many years, though it nowhere appears that any delay has been attributable to the District Court, but rather resulted from other causes, understandable though that may be, the mandate of this Court shall issue forthwith. If within ten days of the remand, the plaintiffs shall not make it appear by an amended complaint, or otherwise, that administrtive remedies have been exhausted, the complaint may be appropriately dismissed. If within that time, however, they should tender a further pleading, alleging facts which would constitute an exhaustion of administrative remedies, the defendants should be required to answer promptly in order that further unnecessary delay may be avoided.
 
 
 7
 Vacated and remanded.
 
 
 
 [1]
 Members of this group of high school age attend a high school attended by other white pupils
 
 
 [2]
 Hood v. Board of Trustees of Sumter County School District No. 2, Sumter County, South Carolina, 4 Cir., 232 F.2d 626